# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| CANTRECE L. HULL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 17-00137-N |
| NANCY A. BERRYHILL[1], Acting Social Security Commissioner, | ) ) ) ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

In this action under 42 U.S.C. § 405(g) Plaintiff Cantrece Hull ("Hull" or "Plaintiff") seeks judicial review of an adverse social security ruling denying disability insurance benefits and supplemental security income. (Docs. 1, 11). With the consent of the parties, the Court has designated the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in this civil action, in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73. (See Docs. 15, 16). The parties requested that oral argument be waived, and their request was granted. (Docs. 18-19). After considering the administrative record and the memoranda of the parties, the Court finds that the decision of the Commissioner due to be **AFFIRMED**.

### PROCEDURAL BACKGROUND

On May 22, 2014, Plaintiff protectively applied for disability insurance benefits and supplemental security income. (R. 20). Plaintiff alleged a disability

---
[1] Nancy A. Berryhill has replaced Carolyn Colvin and is now the acting Social Security Commissioner.

onset date of September 1, 2011. (*Id*.). On July 24, 2014, the application was denied, and Plaintiff requested a hearing. (*Id*.). On November 4, 2015, Plaintiff attended a hearing before an Administrative Law Judge ("ALJ") and the ALJ rendered an unfavorable decision on March 25, 2016. (R. 17-77).

At the time of the administrative hearing, Plaintiff was thirty nine years old and had completed one year of a four year college program. (Doc. 11 at 10). She had previous work history as a gate guard and in used car sales. (*Id*.). Plaintiff alleges she is disabled due to diabetes mellitus, hypertension, osteoarthritis of the left knee, major depressive disorder, and panic disorder. (*Id*.).

On March 26, 2016, the ALJ entered a decision unfavorable to Plaintiff and on March 9, 2017, the Appeals counsel denied Plaintiff's request for review. (R. 1-77).

Plaintiff presented the following claims on appeal:

1. The Administrative Law Judge committed reversible error in violation of Social Security Regulations 20 C.F.R. §416.945, 20 C.F.R. §404.1545, and Social Security Ruling 96-8p in that the Administrative Law Judge's residual functional capacity determination was not supported by substantial evidence.

2. Given the Administrative Law Judge's finding that the Plaintiff is limited to "simple routine tasks of unskilled work involving short, simple instructions and simple work decisions with few changes in work setting"; and "can interact with co-workers and supervisors on a basic level and interact with the public occasionally on a basic level," the VE's testimony that the Plaintiff can perform jobs as an election clerk (DOT #205.367-030) or call out operator (DOT #237.367-014) or tube operator (DOT #239.687-014), conflicts with the DOT because, according to the DOT, an individual who "is limited to simple, unskilled tasks" could not perform any of
these three jobs.

(Doc. 11 at 1-2). Defendant has responded to—and denies—these claims. (Doc. 12, generally).

## STANDARD OF REVIEW

"In Social Security appeals, [the Court] must determine whether the Commissioner's decision is ' "supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." ' " *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam) (internal citation omitted) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997))). However, the Court " 'may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].' " *Id.* (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (alteration in original) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983))). "'Even if the evidence preponderates against the [Commissioner]'s factual findings, [the Court] must affirm if the decision reached is supported by substantial evidence.' " *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

"Yet, within this narrowly circumscribed role, [courts] do not act as automatons. [The Court] must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence[.]" *Bloodsworth*, 703 F.2d at 1239 (citations and quotation omitted). *See also Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (per curiam) ("We are neither to

3

conduct a de novo proceeding, nor to rubber stamp the administrative decisions that come before us. Rather, our function is to ensure that the decision was based on a reasonable and consistently applied standard, and was carefully considered in light of all the relevant facts."). "In determining whether substantial evidence exists, [a court] must…tak[e] into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

However, the "substantial evidence" "standard of review applies only to findings of fact. No similar presumption of validity attaches to the [Commissioner]'s conclusions of law, including determination of the proper standards to be applied in reviewing claims." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986) (quotation omitted). *Accord, e.g., Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982) ("Our standard of review for appeals from the administrative denials of Social Security benefits dictates that '(t)he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive ….' 42 U.S.C.A. s 405(g) … As is plain from the statutory language, this deferential standard of review is applicable only to findings of fact made by the Secretary, and it is well established that no similar presumption of validity attaches to the Secretary's conclusions of law, including determination of the proper standards to be applied in reviewing claims." (some quotation marks omitted)). This Court "conduct[s] 'an exacting examination' of these factors." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (per curiam) (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)). "'The [Commissioner]'s failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the

proper legal analysis has been conducted mandates reversal.'" *Ingram*, 496 F.3d at 1260 (quoting *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991)). *Accord Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In sum, courts "review the Commissioner's factual findings with deference and the Commissioner's legal conclusions with close scrutiny." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). *See also Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam) ("In Social Security appeals, we review *de novo* the legal principles upon which the Commissioner's decision is based. *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). However, we review the resulting decision only to determine whether it is supported by substantial evidence. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004).").

> Eligibility for DIB and SSI requires that the claimant be disabled. 42 U.S.C. §§ 423(a)(1)(E), 1382(a)(1)-(2). A claimant is disabled if she is unable "to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

*Thornton v. Comm'r, Soc. Sec. Admin.*, 597 F. App'x. 604, 609 (11th Cir. 2015) (per curiam) (unpublished).[2]

> The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or

---

[2] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2. *See also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

5

equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178 (citing 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *Phillips*, 357 F.3d at 1237-39).[3]

"These regulations place a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work." *Moore*, 405 F.3d at 1211 (citing *Spencer v. Heckler*, 765 F.2d 1090, 1093 (11th Cir. 1985)). "In determining whether the claimant has satisfied this initial burden, the examiner must consider four factors: (1) objective medical facts or clinical findings; (2) the diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education, and work history." *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986) (per curiam) (citing *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983) (per curiam)). "These factors must be considered both singly and in combination. Presence or absence of a single factor is not, in itself, conclusive." *Bloodsworth*, 703 F.2d at 1240 (citations omitted).

If, in Steps One through Four of the five-step evaluation, a claimant proves that he or she has a qualifying disability and cannot do his or her past relevant work, it then becomes the Commissioner's burden, at Step Five, to prove that the claimant is capable—given his or her age, education, and work history—of engaging

---

[3] The Court will hereinafter use "Step One," "Step Two," etc. when referencing individual steps of this five-step sequential evaluation.

6

in another kind of substantial gainful employment that exists in the national economy. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Finally, although the "claimant bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987). *See also Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam) ("It is well-established that the ALJ has a basic duty to develop a full and fair record. Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." (citations omitted)). "This is an onerous task, as the ALJ must scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts. In determining whether a claimant is disabled, the ALJ must consider the evidence as a whole." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (per curiam) (citation and quotation omitted).

Where, as here, the ALJ denied benefits and the Appeals Council denied review of that decision, the Court "review[s] the ALJ's decision as the Commissioner's final decision." *Doughty*, 245 F.3d at 1278. "[W]hen the [Appeals Council] has denied review, [the Court] will look only to the evidence actually presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence." *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998). If the applicant attacks only the ALJ's decision, the Court may not consider evidence that was presented to the Appeals Council but not to the ALJ. *See id.* at 1324.

7

## DISCUSSION

At Step Two, the ALJ found that Plaintiff has severe impairments of obesity, diabetes mellitus, hypertension, osteoarthritis of the left knee, major depressive disorder, and panic disorder. (R. at 26). At Step Three, the ALJ found that "[t]he claimant does not have an impairment or combination of impairments that meets or equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." (R. at 27). The ALJ then determined that "[t]he claimant has the residual functional capacity to perform sedentary work as defined in CFR 404.1567(a) and 416.967(a) except no climbing ladders, ropes or scaffolds; can climb one flight of stairs with use of banister; can walk ¼ of a mile then sit; no stooping, kneeling, or crawling; limited to simple routine tasks of unskilled work involving short, simple instructions and simple work decisions with few changes in work setting; can interact with co-workers and supervisors on a basic level and interact with the public occasionally on a basic level." (R. at 25).

At Steps Four and Five the ALJ found that Plaintiff is unable to perform any past relevant work but that there were a significant number of other jobs in the national economy which she was able to perform (R. at 29). As a result, the ALJ concluded that Plaintiff was not disabled.

### Claim One

Plaintiff asserts that the ALJ's determination was in error because his "residual functional capacity determination was not supported by substantial evidence." (Doc. 11 at 2). The burden of proof rests on a claimant through Step Four.

8

*See Phillips v. Barnhart,* 357 F.3d 1232, 1237–39 (11th Cir. 2004). Claimants establish a *prima facie* case of qualifying disability once they meet the burden of proof from Step One through Step Four. At Step Five, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id.*

To perform the Fourth and Fifth Steps, the ALJ must determine the claimant's Residual Functional Capacity ("RFC"). *Id.* at 1238–39. RFC is what the claimant is still able to do despite her impairments and is based on all relevant medical and other evidence. *Id.* It also can contain both exertional and nonexertional limitations. *Id.* at 1242-43. At the Fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id.* at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines, 20 C.F.R. pt. 404 subpt. P, app. 2 ("grids"), or hear testimony from a vocational expert (VE). *Id.* at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Id.* at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id.*

**Substantial Evidence**

"The RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." Social Security Ruling 96-8p, *Titles II and XVI: Assessing Residual Functional Capacity*

9

*in Initial Claims*, 1996 WL 374184, *3. It involves determining the claimant's ability to do work in spite of his or her impairments in consideration of all relevant evidence. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Court notes that the ALJ is responsible for determining a claimant's RFC. 20 C.F.R. § 416.946 (2015); *see also Robinson v. Astrue*, 3605 F. App'x. 993, 999 (11th Cir. 2010) (stating that "the task of determining a claimant's residual functional capacity and ability to work is within the province of the ALJ, not of doctors"). That decision cannot be based on "sit and squirm" jurisprudence. *Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984). However, the Court also notes that the social security regulations state that Plaintiff is responsible for providing evidence from which the ALJ can make an RFC determination. 20 C.F.R. § 416.945(a)(3).

As noted previously, the ALJ determined that "[t]he claimant has the residual functional capacity to perform sedentary work as defined in CFR 404.1567(a) and 416.967(a) except no climbing ladders, ropes or scaffolds; can climb one flight of stairs with use of banister; can walk ¼ of a mile then sit; no stooping, kneeling, or crawling; limited to simple routine tasks of unskilled work involving short, simple instructions and simple work decisions with few changes in work setting; can interact with co-workers and supervisors on a basic level and interact with the public occasionally on a basic level." (R. at 25). The ALJ explained that he gave great weight to the medical opinion of William Bose, M.D. As explained in the ALJ's opinion, Dr. Bose's September 30, 2015 treatment record contained the following permanent work restrictions: "sedentary (sitting) job only. No stooping, squatting, kneeling, crawling, carrying or climbing of ladders. Ok to go up and down

10

one flight of stairs with banister. May walk up to ¼ mile with short break before resuming." (R. at 451).

Plaintiff takes issue with the ALJ's evaluation of Dr. Bose's opinion, arguing that the ALJ's RFC does not contain all of the restrictions or limitations assigned to Plaintiff by Dr. Bose. (Doc. 11 at 4). Plaintiff argues that the RFC does not fully take into account the severity of Plaintiff's impairments, that the ALJ did not include reasons for disregarding Plaintiff's ability to carry, and that the ALJ failed to fully consider the opinion of the consultative examiner, Dr. Bose. (Doc. 11 at 5).

"Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). Absent "good cause," an ALJ is to give the medical opinions of treating physicians "substantial or considerable weight." *Lewis*, 125 F.3d at 1440; *see also* 20 C.F.R. §§ 404.1527(d)(1)-(2), 416.927(d)(1)-(2). Good cause exists "when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips*, 357 F.3d at 1241. With good cause, an ALJ may disregard a treating physician's opinion, but he "must clearly articulate [the] reasons" for doing so. *Id.* at 1240–41.

Here, the ALJ did not disregard Dr. Bose's opinion, rather he gave it great weight, and considered it in conjunction with the additional evidence in the record,

11

including Plaintiff's own testimony. At the hearing, the ALJ asked Plaintiff, "Now, how much can you lift?" She answered, I think comfortably five pounds, ten pounds would probably be my maximum." She then stated that was able lift a gallon jug, and to pour it. (R. at 50-51).

As defined in 20 C.F.R. § 404.1567(a), "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."

While Dr. Bose did include a carrying restriction in his recommended work restrictions, the recommendation did not include a specific weight limit. The Court finds it unreasonable to assume that this meant Plaintiff cannot lift or carry *any* amount of weight under *any* circumstances. Thus, the Court does not find that the ALJ disregarded Dr. Bose's medical opinion. Rather, he developed the recommendation in more detail by asking Plaintiff about her ability to lift. Accordingly, the Court finds that the ALJ's decision with regard to Plaintiff's RFC to perform sedentary work is supported by substantial evidence.

**Claim Two**

In her second claim, Plaintiff argues that her case should be remanded because the ALJ failed to resolve a conflict between the VE's hearing testimony and the DOT. The ALJ found that Plaintiff is "limited to 'simple routine tasks of unskilled work involving short, simple instructions and simple work decision with

few changes in work setting'; and 'can interact with co-workers and supervisors on a basic level and interact with the public occasionally on a basic level.'" (Doc. 11 at 5, quoting R. at 67-68 (administrative hearing transcript)). Plaintiff claims that the positions that the VE determined she could still work – election clerk, call out operator, and tube operator – all exceed the reasoning level limitations described in the ALJ's decision. (Doc. 11 at 5-6). According to Plaintiff, because the ALJ failed to adhere to SSR 00-4P and resolve the alleged conflict between the VE's testimony and the DOT, the matter must be remanded for such resolution. *Id*.

> In pertinent part, SSR 00-4P reads:
>
> Occupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.
>
> Neither the DOT nor the VE or VS evidence automatically "trumps" when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the VE or VS is reasonable and provides a basis for relying on the VE or VS testimony rather than on the DOT information.

SSR 00-4P. Plaintiff argues that each job identified by the VE requires a Reasoning Development Level of 2, which means Plaintiff must be able to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and "[d]eal with problems involving a few concrete variables in or from standardized situations." DICTIONARY OF OCCUPATIONAL TITLES, § 205.367-030 (election clerk); § 239.687-014 (tube operator); § 237.367-014 (call out operator).

13

As Defendant points out, the election clerk and call out operator positions actually require a Reasoning Development Level of 3.[4] However, the tube operator position does require a Reasoning Development Level of 2. Because the ALJ found that he should be limited to simple, routine tasks, Plaintiff argues that he is unable to perform the reasoning requirements attached to each position.

The Court finds Plaintiff's argument unpersuasive, as this Circuit has held that any claimant limited to simple, routine, repetitive tasks by an ALJ or VE can perform tasks and occupations associated with level two reasoning as defined by the DOT. *See generally* [Miller v. Comm'r of Soc. Sec., 246 F. App'x. 660 (11th Cir. 2007)](#) (no remand where VE identified reasoning level three jobs for a plaintiff who could only perform simple, routine, and repetitive work); [Chambers v. Comm'r of Soc. Sec., 662 F. App'x. 869, 872 (11th Cir. 2016)](#) ("As for jobs labeled with reasoning levels of two or three, they may also be jobs with simple tasks."); *See also* [Hurtado v. Astrue, 2010 WL 1850261, at *1 (S.D. Fla. Apr. 14, 2010)](#) ("Most courts which have addressed this issue have held that the requirement of Reasoning Level 2 or 3 is not inconsistent with the ability to perform only simple tasks."); [Menendez v. Colvin, 2015 WL 1311460, at *4-5 (S.D. Fla. Mar. 23, 2015)](#) (collecting other cases). Thus, Plaintiff's argument fails and remand is not required.

Further, even if a conflict exists, the law of this Circuit establishes that the ALJ did not err when he relied on the VE's testimony in the face of conflicting DOT evidence. In a case involving similar allegations, the Eleventh Circuit held that the

---

[4] This error is immaterial given the controlling case law cited herein.

14

testimony of a VE "trumps" the definitions contained in the DOT if the two sources provide conflicting evidence:

> The ALJ determined that Jones was not capable of performing a full range of sedentary work, so he appropriately called a VE to testify whether Jones, given her limitations, was capable of performing other jobs in the national economy. The VE identified the above-mentioned jobs that Jones could perform with her limitations. Notwithstanding, Jones argues that the ALJ's reliance on the VE's testimony was improper because the exertional and environmental requirements of some of the jobs identified by the VE, such as hand packager and nut sorter, conflict with the DOT.
>
> …
>
> We agree with the Sixth Circuit that when the VE's testimony conflicts with the DOT, the VE's testimony "trumps" the DOT. We so hold because the DOT is not the sole source of admissible information concerning jobs. The DOT itself states that it is not comprehensive. It provides occupational information on jobs in the national economy, and it instructs DOT users demanding specific job requirements to supplement the data with local information detailing jobs within their community. Additionally, the Code of Federal Regulations states that the SSA will take administrative notice of reliable job information available from various governmental and other publications, such as the DOT. By this wording, the SSA itself does not consider the DOT dispositive.

*Jones v. Apfel*, 190 F.3d 1224, 1229-30 (11th Cir. 1999) (citations and quotations omitted). Despite the fact that Social Security Administration promulgated Rule 00-4P after *Jones*, the Eleventh Circuit continues to apply the directive set forth in that decision. *See Leigh v. Comm'r of Soc. Sec.*, 496 F. App'x. 973, 975 (11th Cir. 2012) (discussing SSR 00-4p to hold "[e]ven assuming that there was an inconsistency between the VE's opinion and the DOT, the ALJ did not err in relying on the VE's opinion to determine that Leigh was not disabled."); *Miller*, 246 F. App'x. at 662 (applying *Jones* and finding that "[o]ur precedent establishes that the

testimony of a vocational expert 'trumps' an inconsistent provision of the DOT in this Circuit.").

Additionally, when addressing the VE, the ALJ stated, "And I will expect that your testimony today will be based on your knowledge, education, training and experience and will be consistent with the DOT unless you tell me otherwise." (R. at 66-67). Based on this, the Court finds that the ALJ complied with SSR 00-4P ("At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency."). Here, the ALJ noted the need for the VE's testimony to be consistent with the DOT. Plaintiff was present at this hearing, was represented by counsel, and did not raise any inconsistency after the VE gave this testimony. Further, counsel did not seek further clarification on whether such a conflict actually existed. Thus, the ALJ properly relied on the vocational expert's testimony concerning the alleged conflict, and such reliance is supported by the substantial evidence. *See Chambers,* 662 F. App'x. at 873 (argument that the ALJ should have questioned the vocational expert about any inconsistency with the DOT failed because "there was no apparent inconsistency—indeed, Chambers did not question the vocational expert about any inconsistency or raise the issue before the ALJ, and the vocational expert affirmed that his testimony was consistent with the DOT."); *Brijbag v. Astrue,* 2008 WL 276038, at *2 (M.D. Fla. Jan. 31, 2008) ("[T]he ALJ need not independently corroborate the VE's testimony and should be able to rely on such testimony where no such apparent conflict exists with the DOT.").

In light of the foregoing and because substantial evidence of record supports the Commissioner's determination that Plaintiff can perform the physical and mental requirements of sedentary work as identified by the ALJ, and Plaintiff makes no meritorious argument that this residual functional capacity would preclude his performance of the jobs identified by the VE during the administrative hearing (*compare* Doc. 8 *with* Tr. 82-83), the Commissioner's fifth-step determination is due to be affirmed. *See, e.g., Owens v. Commissioner of Social Security,* 508 Fed.Appx. 881, 883 (11th Cir. Jan. 28, 2013) ("The final step asks whether there are significant numbers of jobs in the national economy that the claimant can perform, given h[er] RFC, age, education, and work experience. The Commissioner bears the burden at step five to show the existence of such jobs ... [and one] avenue[ ] by which the ALJ may determine [that] a claimant has the ability to adjust to other work in the national economy ... [is] by the use of a VE[.]"(internal citations omitted)); *Land v. Commissioner of Social Security,* 494 F. App'x. 47, 50 (11th Cir. Oct. 26, 2012) ("At step five ... 'the burden shifts to the Commissioner to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform.' The ALJ may rely solely on the testimony of a VE to meet this burden." (internal citations omitted)).

## CONCLUSION

Plaintiff has raised two claims in bringing this action and both are without merit. Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

17

*Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Therefore, it is **ORDERED** that the Commissioner's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**.  Final judgment will be entered separately.

    **DONE** and **ORDERED** this the 11th day of December 2017.

                      */s/ Katherine P. Nelson*
                        **KATHERINE P. NELSON**
                        **UNITED STATES MAGISTRATE JUDGE**